ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| DEBORAH RIVERA VELÁZQUEZ<br><br>Peticionario<br><br>v.<br><br>SCI PUERTO RICO I Y OTROS<br><br>Recurrido | KLCE202401312 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Número: CA2021CV02252<br><br>Sobre: *Injunction* (Entredicho Provisional, *Injunction* Preliminar y Permanente) |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Lebrón Nieves y la Jueza Rivera Marchand

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 13 de diciembre de 2024.

Comparece ante esta Curia, la señora Deborah Rivera Velázquez (peticionaria o señora Rivera Velázquez) y nos solicita que revoquemos la *Resolución* que notificó el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI o foro primario), el 4 de noviembre de 2024.[1] En el pronunciamiento recurrido, el foro primario determinó que, no procede la inhibición del Juez Ignacio Morales Gómez, según solicitada por la peticionaria.

Por los fundamentos que expondremos a continuación, ordenamos la desestimación del recurso de epígrafe, por falta de jurisdicción. Veamos.

**I.**

La peticionaria instó la demanda de epígrafe, sobre daños y perjuicios e incumplimiento contractual, en contra de las Empresas Steward-Cementerios, SCI, Dignity Memorial, Cementerio La

_____

[1] Apéndice, págs. 1-9.

Número Identificador:

RES2024_____

Resurrección, Daris Verdecía y su esposo fulano de tal, Carlos Torres y su esposa fulana de tal, aseguradora X. Luego de varias incidencias procesales que, son innecesarias pormenorizar, el 6 de septiembre de 2024, el foro primario celebró una vista sobre el estado de los procedimientos, presidida por el Juez Ignacio Morales Gómez. Según la peticionaria, durante dicha vista, el Juez Morales Gómez, presuntamente exhibió una actitud de desconocimiento y aparente parcialidad. Por ello, solicitó la inhibición y recusación del Juez Morales Gómez, al amparo de la Regla 63.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 63.1.[2]

En respuesta, el Juez Morales Gómez emitió un dictamen, en el cual, declaró no ha lugar el petitorio y ordenó el referido del asunto, a la atención de la Jueza Administradora quien, siguiendo el trámite de rigor, lo refirió al Juez Lizardo Mattei Román, para su evaluación. Tras efectuar el análisis correspondiente, el Juez Mattei Román notificó la *Resolución* impugnada, mediante la cual, dictaminó que, no procede la inhibición del Juez Morales Gómez del caso de epígrafe.

En desacuerdo, el 20 de noviembre de 2024, la peticionaria instó una *Moción de Reconsideración* ante el TPI. Antes del foro primario adjudicar el referido petitorio, la peticionaria insta ante esta Curia el recurso de epígrafe.[3]

Luego de examinar con detenimiento el expediente ante nuestra consideración, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(b)(5).

## II.

### A.        La jurisdicción

---

[2] Apéndice, págs. 44-50.
[3] Entrada núm. 201 en el expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69, resuelto el 21 de junio de 2024. Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Íd.*; *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).

Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico,* 2024 TSPR 24, resuelto el 13 de marzo de 2024. Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Municipio de Aguada v. W. Construction, LLC y otro*, supra.

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales tenemos el deber de proteger nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará, con rigurosidad, el asunto jurisdiccional como parte de su deber ministerial, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Municipio de Aguada v. W. Construction, LLC y otro,* supra.

Como se sabe, un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022). Ello, pues su presentación carece de

eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 503 (2019). De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Municipio de Aguada v. W. Construction, LLC y otro,* supra. Es decir, procede la inmediata desestimación del recurso apelativo, según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank,* supra.

A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción. La falta de jurisdicción es un defecto que no puede ser subsanado. *Íd.* Cabe señalar, sin embargo, que "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (nota 25) (2019), citando a *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015).

### B. La moción de reconsideración y su efecto interruptor

En términos generales, una moción de reconsideración permite que la parte afectada por un dictamen judicial pueda solicitar al tribunal que considere nuevamente su decisión, antes de apelar o de acudir en revisión judicial. De igual manera, el petitorio de reconsideración viabiliza que, un foro adjudicativo enmiende o corrija los errores cometidos al emitir su dictamen. *Div. Empleados Públicos UGT v. CEMPR,* 212 DPR 742, 748 (2023).

Cónsono con lo anterior, la Regla 47 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 47, lee:

> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá presentar, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, una moción de reconsideración de la orden o resolución.
> [...]
> **Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.**
> [...] (Énfasis nuestro.)

**III.**

En el presente recurso, la peticionaria solicita que revisemos el dictamen recurrido, mediante el cual el foro primario determinó que, no procede la inhibición del Juez Morales Gómez en el caso de epígrafe. Ahora bien, antes de ejercer nuestra función revisora, es necesario que, auscultemos si gozamos de jurisdicción para entender en la presente causa.

Surge claramente de la Regla 47, *supra*, que el término para acudir en revisión, ante esta Curia, queda interrumpido con la presentación de un petitorio de reconsideración, ante el foro primario. Además, la citada regla establece que, el referido término no comienza nuevamente, hasta tanto el foro primario notifique su dictamen, resolviendo la solicitud de reconsideración.

Como vimos, previo a acudir ante esta Curia, la peticionaria instó ante el foro primario, una oportuna *Moción de Reconsideración,* la cual aún está pendiente de adjudicación.[4] Conforme a la normativa antes esbozada, ello implica que la peticionaria acudió prematuramente ante este Tribunal. En su consecuencia, carecemos de jurisdicción para ejercer la revisión apelativa instada.

---

[4] Cabe señalar que, en virtud de la Regla 68.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 68.1, y del Acápite XVI de las Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos Mediante el Sistema Unificado de Manejo y Administración de Casos, el cómputo para instar el petitorio de reconsideración ante el foro primario se extendió hasta las 11:59 p.m. del 20 de noviembre de 2024. Por tanto, es oportuna su presentación a las 7:55pm de ese día, a través de SUMAC.

**IV.**

Por los fundamentos esbozados, desestimamos el recurso de epígrafe por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones